### MITCHELL v. HEINRICH AEROPLANE CO., Inc.

(Supreme Court, Appellate Term, First Department.   May 4, 1916.)

1. CONTRACTS ⬤⟿212(2)—BREACH—ACTIONS—QUESTIONS INVOLVED.
    Where a contract to give practical lessons in flying contained no time limit in which the lessons should be given, whether there was a breach depends upon whether the defendant refused to perform within a reasonable time after demand therefor by the plaintiff.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 947–951; Dec. Dig. ⬤⟿212(2).]

2. DAMAGES ⬤⟿45—BREACH OF CONTRACT—MEASUREMENT OF DAMAGES.
    In the absence of a showing of fraud inducing a contract to give practical lessons in flying, the railroad fare and expenses from the student's

home to the place of instruction is not a proper element of damages for breach of contract.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 92–98; Dec. Dig. ☞45.]

3. CONTRACTS ☞322(3)—BREACH—EVIDENCE—SUFFICIENCY.
Evidence that the machine on which plaintiff received lessons was destroyed, and that he thereafter worked for the instructor, who had another machine working in good order, but that he never requested lessons upon such machine, although he received notice that he was entitled to a certain number of lessons in addition to those already given, is insufficient to show breach of contract, without limitation as to time, to give practical lessons in flying; there being no evidence of refusal to perform by the instructor.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1534; Dec. Dig. ☞322(3).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Roy F. Mitchell against the Heinrich Aeroplane Company, Incorporated. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Reed, Gwinn & Deming, of New York City (Charles Hobby Bassford, of New York City, of counsel), for appellant.

Weil, La Guardia & Espen, of New York City (Jesse Weil, of New York City, of counsel), for respondent.

WHITAKER, J. The plaintiff and the defendant on October 24, 1914, entered into a written agreement by the terms of which plaintiff agreed to pay the sum of $300, and the defendant agreed "to furnish a machine and competent instructor to instruct the pupil in the art of practical flying at our aviation field at the Hempstead Plains Aviation Grounds, Garden City, L. I., until the pupil is competent to comply with the rules of the International Aeronautical Federation for an aviator's certificate." The plaintiff paid the $300 and began taking lessons under an instructor furnished by defendant. The lessons were discontinued for the winter in December, 1914, and resumed in June, 1915. The plaintiff took about 25 lessons in all; the last one, as he testifies, being on July 29, 1915. Plaintiff claims that about this time the machine upon which he had been receiving instruction was wrecked, and that thereafter he received no more lessons.

[1] The contract contained no time limit, and defendant was obligated thereby to give plaintiff a sufficient number of lessons until plaintiff became competent, etc. Neither was the plaintiff limited in time in which to receive the lessons, so that the question is whether or not the defendant refused to perform on its part within a reasonable time after demand therefor made by the plaintiff.

[2] The court below found that "the defendant has delayed an unreasonable time in the performance of its contract," and gave judg-

ment in favor of the plaintiff for the amount paid by him to defendant for instruction, and in addition thereto plaintiff's expenses from Seattle, Wash., his place of residence, to Garden City. Clearly there is no foundation for the allowance of this last item. There is no claim that plaintiff was induced to seek the defendant's school by any false representations, and payment of plaintiff's traveling expenses from his residence to defendant's school is not a proper element of damages for a breach of its contract.

[3] I am also of the opinion that the plaintiff failed to prove any breach of contract on the part of defendant. It appears that the plaintiff in December voluntarily ceased taking lessons and worked in defendant's factory at wages, until he again resumed lessons in June, 1915. He admits that after he took his last lesson on July 29, 1915, although the particular machine upon which he had been taking lessons, called by him the "school machine," was broken, the defendant had another machine running "in fine shape," but that he never asked for a lesson to be given him on that machine, and was never told that he could receive lessons thereon; his reason being that "I did not want lessons on that machine." He also testified that, although he was frequently at the field where lessons were given, he did not make himself known to any person there, or ask for lessons. On November 22, 1915, plaintiff was notified by letter from defendant that he (plaintiff) had received 27 lessons and that he was entitled to 33 more, and that the defendant was ready to give those "at any time, weather conditions permitting." Plaintiff says he visited defendant's school several times after the receipt of this letter, and says that they had no machine there. This evidently refers to what he termed the "school machine," as it is not disputed that the defendant had a high power machine there, and, as before stated, plaintiff did not ask for nor was instruction refused him upon that machine. For all that now appears in the record the defendant was and has been ready ever since July 29, 1915, to give plaintiff lessons at any time he might within reason apply.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.